In the Matter of MYRON J. MITNICK, an Attorney, Respondent.

First Department, June 23, 1936.

*S. C. Lewis* of counsel [*Einar Chrystie*, attorney], for the petitioner.

No appearance for the respondent.

MARTIN, P. J. Evidence adduced before an official referee establishes the following acts of professional misconduct by the respondent: In June, 1934, respondent was retained by one E. L. Russell for a fee of twenty-five dollars, which was paid to him, to complete the purchase of an automobile from Samuel Finkelman, Inc., and hold title in respondent's name for the benefit of his client. There was to be a cash payment of two hundred dollars on account of the purchase price, of which Mr. Russell had already paid fifty dollars. On or about June 20, 1934, Mr. Russell gave the respondent one hundred and fifty dollars to complete the cash payment and an additional sum of sixty-five dollars, which the respondent falsely represented was to be paid to the seller for insurance on the automobile. The respondent on June 21, 1934, entered into a contract to purchase the car and paid the Finkelman Company the sum of one hundred and fifty dollars. He converted to his own use the sum of sixty-five dollars. The contract for the purchase of the car provided that the balance of the purchase price, which amounted to four hundred and twenty dollars, was to be paid in ten monthly installments of forty-two dollars each. On or about July 21, 1934, Mr. Russell gave the respondent forty-two dollars to cover the monthly installment then due. The respondent did not remit any part thereof to the seller but converted the

entire amount to his own use. On or about August 5, 1935, the car was seized by the credit organization which had acquired the note and chattel mortgage and was sold. Certain merchandise belonging to Mr. Russell was in the car at the time it was seized. Although the credit organization which had seized the car wrote the respondent warning him that the company would not be responsible for the property found in the car, the respondent did not inform his client either of the sale of the car or of the letters which he had received.

The respondent appeared before the committee on grievances of the Bar Association and admitted the facts above set forth, stating: " I did that in a moment of desperation. I understand Mr. Russell was here last week, and in spite of everything I have done to him he pleaded rather eloquently for me. * * * I have made certain proposals to Mr. Russell about restitution and he is willing to accept them." The respondent it appears had made an offer to settle the matter by the payment of twenty dollars in cash and the balance in payments of twenty-five dollars every two weeks, conditioned, however, on Mr. Russell inducing the Bar Association to drop the complaint. The respondent made but two payments of twenty dollars and twenty-five dollars, respectively, pursuant to this agreement.

It further appears that in September, 1935, the respondent was retained to defend one Frank Kmiotek upon a criminal charge. He was paid a fee of fifty dollars for his services. Kmiotek's employer, Julius Reese, furnished the respondent with two hundred dollars in cash to be used as bail to obtain Kmiotek's release pending trial. The bail was deposited by respondent with the court. On October 8, 1935, Kmiotek was tried and fined twenty dollars, which he paid. The respondent on the following day obtained from the court the return of the two hundred dollars by means of a cashier's check indorsed to the order of Mr. Reese. The respondent, without the knowledge or consent of Mr. Reese, indorsed or caused to be indorsed his name thereto, cashed the check and converted the proceeds to his own use. Thereafter the respondent from time to time falsely informed Mr. Reese and Mr. Kmiotek that he had been unable to obtain the return of the bail money.

The respondent exhibited an absence of frankness in his dealings with the grievance committee, the referee and the court in connection with the aforesaid charges. After obtaining repeated adjournments of hearings in order that he might be afforded an opportunity to present his proof with respect to the second charge, the respondent failed to appear before the grievance committee. After the filing of the petition in this court the respondent requested

and obtained an adjournment of thirty days in which to interpose an answer. Instead of filing an answer he wrote a letter on the last day to which his time to answer had been extended, in which he stated: " Inasmuch as I have been laid up with a bad cold, I find it impossible to send you a formal typewritten answer today. I am sending you my answer in this informal manner to comply with the wishes of the Court. Upon my return to business tomorrow or Saturday I will supplement this by a formal answer drawn in the required form." In said letter he stated that he did not receive the sums of sixty-five dollars and forty-two dollars from Mr. Russell and denied the facts alleged in connection therewith, notwithstanding his unqualified admissions before the grievance committee. The respondent never filed an answer.

A hearing having been fixed for April 2, 1936, before the official referee, the respondent requested an adjournment to September. This was denied, with leave to the respondent to prepare his defense at the end of the petitioner's case. At the hearing of April second the respondent cross-examined the witnesses for the petitioner. Thereafter April sixteenth was fixed for the presentation of his defense, at which time he stated he expected to call three witnesses. On April fifteenth he telephoned the referee requesting an adjournment. The referee stated that if he had a legal excuse his application would be considered, but declined to discuss the matter over the telephone. On April sixteenth, at ten A. M., the hour appointed for the hearing, he sent the referee the following telegram: " I told you yesterday that I could not appear today. I also told Mr. Lewis. You did not hear me out. Impossible to appear today. Require one month more. Will call Mr. Lewis tomorrow for adjourned date. Will appreciate you understanding."

It is clear that the respondent never intended to present himself before the referee as a witness in his own behalf. His conduct throughout shows that he is unfit to remain a member of the bar.

The respondent should be disbarred.

McAvoy, O'Malley, Townley and Glennon, JJ., concur.

Respondent disbarred.